REQUESTED BY: Jim Miller, Sarpy County Attorney
You have requested our opinion concerning the taxation of motor vehicles of active duty military personnel stationed in the State of Nebraska. You indicate that, based on a 1997 memorandum issued by the Nebraska Department of Motor Vehicles concluding that active duty service personnel stationed in Nebraska are required to register their motor vehicles in Nebraska after thirty days, LaVista police officers have issued a number of citations for failure to register vehicles in Nebraska to military personnel that have not registered and paid tax on their motor vehicles in the State of Nebraska. You further indicate that the legal office at Offutt Air Force Base has taken the position that active duty personnel are exempt from registration of their motor vehicles in Nebraska, and payment of any taxes and fees on such motor vehicles under the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. App. § 574. The question which you have asked us to address is whether active duty military personnel stationed in the State of Nebraska must register their motor vehicles in Nebraska and pay any taxes and fees in connection with such vehicles, including Nebraska sales tax, if the vehicles are registered in the military member's home state.
For the reasons stated below, we conclude that military personnel stationed on active duty in Nebraska are not required to pay the motor vehicle fee and tax imposed under Neb. Rev. Stat. §§ 60-3001 to 60-3009 (1998). Military personnel on active duty in Nebraska are also not required to pay the motor vehicle registration taxes and fees imposed under Neb. Rev. Stat. §§60-301 to 60-348 (1998) if the military member has registered their motor vehicle in their home state. In addition, a military member who purchases a motor vehicle in Nebraska or elsewhere is not required to pay Nebraska sales or use tax if the vehicle is registered in the member's home state.
I. THE SOLDIERS' AND SAILORS' CIVIL RELIEF ACT
The Soldiers' and Sailor's Civil Relief Act, 50 U.S.C. App. § 574 [the "SSCRA" or the "Act"], was enacted for the purpose of relieving nonresident servicemen "of the burden of supporting the governments of the State where [they were] present solely in compliance with military orders." California v. Buzard,382 U.S. 386, 393 (1966). Subsection (1) of the Act provides, in pertinent part:
 For the purpose of taxation in respect of any person, or of his personal property, . . ., by any State, . . ., such person shall not be deemed to have lost a residence or domicile in any State, . . ., solely by reason of being absent therefrom in compliance with military or naval orders, or to have acquired a residence or domicile in, or to have become resident in or a resident of, any other State, . . ., while, and solely by reason of being, so absent. For the purposes of taxation in respect of the personal property, . . ., of any such person by any State, . . ., personal property will not be deemed to be located or present in or to have a situs for taxation in such State. Where the owner of personal property is absent from his residence or domicile solely by reason of compliance with military or naval orders, this section applies with respect to personal property, or the use thereof, within any tax jurisdiction other than such place of residence or domicile, regardless of where the owner may be serving in compliance with such orders. . . .
50 U.S.C. App. § 574(1).
Subsection (2) provides that the term "personal property" includes "motor vehicles, and "the term `taxation' shall include but not be limited to licenses, fees, or excises imposed in respect to motor vehicles or the use thereof, but only if a license, fee, or excise required by the State . . . of which the person is a resident or in which the person is domiciled has been paid." 50 U.S.C. App. § 574(2).
On several occasions, the United States Supreme Court has addressed the scope of the protection from state taxation provided to nonresident servicemen under the SSCRA. In Dameronv. Brodhead, 345 U.S. 322 (1953), the Court addressed whether a tax could be assessed on the personal property of an Air Force officer stationed in Denver, Colorado, who maintained his residence in Louisiana. The county assessor contended that the tax was not precluded by the SSCRA, because the officer paid no similar tax to his state of residence, and that the Act was only intended to prevent "multiple taxation." Id. at 326. The Court rejected this argument, holding that there was "no suggestion that the state of original residence must have imposed a property tax." Id. While noting that "the evils of multiple taxation" may have been the reason behind enactment of the statute, the Court determined that Congress had chose the "broader technique . . . of freeing servicemen from both income and property taxes imposed by any state by virtue of military orders," and that Congress "saved the sole right of taxation to the state of original residence whether or not that state exercised that right." Id.
Subsequently, in California v. Buzard, 382 U.S. 386
(1966), the Court considered whether the SSCRA precluded California from requiring a nonresident serviceman to pay a license fee of two percent of his automobile's market value as a condition of registering and licensing the vehicle. The serviceman was a resident and domiciliary of the State of Washington, and had purchased and registered the vehicle in Alabama. After he was transferred to the State of California, he attempted to register his vehicle in California, but was informed that he could not do so unless he paid the two percent license fee. When he refused, he was prosecuted and convicted of operating a motor vehicle without registering the vehicle and paying the appropriate fees. The Supreme Court of California reversed the conviction. Id. at 388-89.
The U.S. Supreme Court affirmed the reversal. The Court discussed when host States are permitted, under § 574(b), to require military personnel to register their vehicles in the host State. Discussing the purpose of this provision, the Court stated:
 Congress was clearly concerned that servicemen stationed away from their home State should not drive unregistered or unlicensed motor vehicles. Every state required in 1944, and requires now, that motor vehicles using its highways be registered and bear license plates. Such requirements are designed to facilitate the identification of accidents, thefts, traffic violations, and other violations of law. Commonly, if not universally, the statutes imposing the requirements of registration or licensing also prescribe fees which must be paid to authorize state officials to issue the necessary documents and plates. To assure that servicemen comply with the registration and licensing laws of some state, whether of their home State or the host State, we construe the phrase `license, fee, or excise required by the State * * *' as equivalent to `license, fee, or excise of the State. * * *' Thus read, the phrase merely indicates Congress' recognition that, in one form or another, all States have laws governing the registration and licensing of motor vehicles, and that such laws impose certain taxes as conditions thereof. The serviceman who has not registered his car and obtained license plates under the laws `of' his home State, whatever the reason, may be required by the host State to register and license the car under its laws.
382 U.S. at 391-92.
The Court in Buzard also addressed whether an exaction constituted a "license, fee or excise" on a motor vehicle under § 574(b) which a State could impose on a nonresident serviceman. It held that nonresident servicemen were exempt from exactions which "serve primarily a revenue interest" which are "no different in kind from taxes raised to defray the general expenses of government." 382 U.S. at 395. The Court reasoned that it was "from the burden of taxes serving such ends that nonresident servicemen were to be freed, in the main, without regard to whether their home States imposed or sought to collect such taxes from them." Id. While concluding that nonresident servicemen were exempt from ordinary revenue-raising taxes, the exemption was held not to apply to "taxes which are essential to the functioning of the host State's licensing and registration laws in their application to the motor vehicles of nonresident servicemen." Id. The Court found the California two percent license fee was not a tax essential to the registration and licensing of the serviceman's vehicle, as it served "primarily a revenue interest" Id.
Finally, in Sullivan v. United States, 395 U.S. 169
(1969), the Supreme Court considered whether Connecticut could impose sales and use taxes on servicemen stationed there who were residents or domiciliaries of other States. Connecticut imposed a sales tax on the gross receipts from retail sales of tangible personal property in the state, and a corresponding use tax on tangible personal property purchased in another state and used in Connecticut. Connecticut sought to impose sales and use tax on transactions involving the purchase or use of tangible personal property in the state by naval personnel stationed in Connecticut but domiciled elsewhere. The transactions Connecticut sought to tax included purchases of motorboats and automobiles. The United States brought suit against Connecticut contending that the taxes were precluded by the SSCRA. Id. at 170-73.
The Supreme Court upheld Connecticut's power to impose the taxes, stating "[w]e think it clear from the face of [§ 574] that state taxation of sales to servicemen is not proscribed." Id.
at 175. And, while noting that use taxes "were not so clearly excluded by the language of" § 574, the Court, considering the purpose and legislative history of the Act, concluded "that Congress did not intend to free servicemen stationed away from home from the sales or use taxes of the host State." Id. at 176. The Court found that "Congress intended the Act to cover only annually recurring taxes on property . . . [as opposed to taxes] which, like the sales and use tax, [do] not apply annually on all personal property within the State but [are] imposed only once and then only when there has been a retail sales transaction." Id. at 176-77. The Court concluded that Congress "considered the occasional sales and use taxes that servicemen might have to pay an insignificant burden, as compared with annual ad valorem property taxes, and consequently not deserving of the same exemption." Id. at 179.
II. APPLICATION OF THE SOLDIERS' AND SAILOR'S CIVIL RELIEF ACTTO NEBRASKA TAXES RELATING TO MOTOR VEHICLES OF NONRESIDENTACTIVE DUTY MILITARY PERSONNEL
Based on the United States Supreme Court decisions interpreting the scope of the SSCRA discussed above, the Act must be construed to exempt a nonresident serviceman from payment of registration or license fees imposed by the host State when such fees have been paid to the serviceman's home State. Even if such a fee is not paid to the serviceman's home State, a nonresident serviceman may only be required to pay to the host State "licenses, fees, or excises" which are essential to the functioning and administration of the host State's licensing and registration laws, and not annual revenue-raising motor vehicle taxes of a host State. In addition, the Act does not preclude a State from imposing sales or use taxes on retail transactions involving the purchase or use of tangible personal property (including motor vehicles) by nonresident military personnel. It is thus necessary to apply these principles to analyze Nebraska's taxation of motor vehicles to determine what, if any, exactions may be imposed by the State on motor vehicles of nonresident military personnel on assignment in Nebraska.
A. Motor Vehicle Fees and Taxes Imposed Pursuant to Neb. Rev.Stat. §§ 60-3001 to 60-3009 (1998)
Nebraska imposes a motor vehicle tax on all vehicles registered for operation on the State's highways, with certain specified exceptions. Neb. Rev. Stat. § 60-3002 (1998). The tax is calculated pursuant to a schedule and is based on the age and value of the vehicle when new. Neb. Rev. Stat. § 60-3004 (1998). The tax is imposed annually at the time a vehicle is registered. Neb. Rev. Stat. § 60-3003(1) and (2) (1998). Proceeds from the tax "shall be treated as property tax revenues. . . ." Neb. Rev. Stat. § 60-3003(3) (1998).
 "Motor vehicles owned by a member of the United States Armed Forces serving in this state in compliance with military or naval orders" are specifically exempted from the motor vehicle tax imposed under § 60-3002 if the owner "is a resident of a state other than Nebraska." Neb. Rev. Stat. § 60-3002(4) (1998). This statutory exemption is required by the SSCRA, as the motor vehicle tax imposed pursuant to § 60-3002 is plainly the type of annually recurring tax on property imposed for revenue raising purposes which the Court has held cannot be imposed by the host State on motor vehicles of nonresident servicemen. See Sullivan v. United States, 395 U.S. at 176-77; California v. Buzard,
382 U.S. at 395-96.
In addition to the motor vehicle tax imposed under §60-3002, a motor vehicle fee is imposed on motor vehicles registered for operation in Nebraska. Neb. Rev. Stat. § 60-3007
(1998). The fee is calculated by multiplying the base fee for the type of vehicle by a fraction corresponding to the age category of the vehicle. Neb. Rev. Stat. § 60-3007(5) -(6) (1998). The fee is imposed annually, and is placed in the Motor Vehicle Fee Fund. Neb. Rev. Stat. § 60-3007(3) and (4) (1998). Funds placed in the Motor Vehicle Fee Fund are distributed to counties and municipalities to "be used for road, bridge, and street purposes." Neb. Rev. Stat. § 60-3007(4) (1998).
Motor vehicles owned by nonresident military personnel are specifically exempted from the motor vehicle fee pursuant to Neb. Rev. Stat. § 60-3007(11), which provides: "An owner of a motor vehicle which is exempt from imposition of the motor vehicle tax pursuant to section 60-3002 shall also be exempt from the imposition of the motor vehicle fee imposed pursuant to [§60-3007]." As nonresident servicemen are exempted from payment of the motor vehicle tax under § 60-3002(4), this provision exempts nonresident military personnel stationed in Nebraska from the fee imposed under § 60-3007.
Motor Vehicle Registration Fees Imposed Pursuant to Neb. Rev.Stat. §§ 60-301 to 60-348 (1998)
Neb. Rev. Stat. § 60-302(1) (1998) provides, in part, that "[n]o motor vehicle, . . ., unless otherwise expressly provided, shall be operated or parked on the highways of this state unless the vehicle is registered in accordance with Chapter 60, article 3." Owners of motor vehicles required to be registered "shall make application for registration to the county treasurer of the county in which the vehicle has situs as defined in section 60-3001." Neb. Rev. Stat. § 60-302(1). Upon application, the registrant is required to "pay the proper registration fee as provided in sections 60-305.08 to 60-339." Neb. Rev. Stat. §60-302(4). In addition, the county treasurer is to collect other fees for specific purposes. Neb. Rev. Stat. § 60-302(5) (One dollar and fifty cents for the Department of Motor Vehicles Cash Fund); Neb. Rev. Stat. § 60-302(6) (1998) (One dollar and fifty cents for the State Recreation Road Fund). Registrations are required to be renewed annually. Neb. Rev. Stat. § 60-310 (1998).
The registration fee on passenger motor vehicles of ten-passenger capacity or less not used for hire is fifteen dollars. Neb. Rev. Stat. § 60-329 (1998). County treasurers "act as agents for the Department of Motor Vehicles in the collection of all motor vehicle registration fees." Neb. Rev. Stat. § 60-326.01 (1998). In addition to the registration fee, county treasurers are to "collect and retain for the county two dollars for each registration of a motor vehicle of a resident of the State of Nebraska and five dollars for each registration of a motor vehicle of a nonresident . . . ." Neb. Rev. Stat. § 60-326.01 (1998). Fees collected by the county treasurers must be transmitted to the State Treasurer "for deposit in the Highway Trust Fund . . . ." Neb. Rev. Stat. § 60-326.01 (1998).
With respect to nonresident active duty military personnel stationed in Nebraska who have registered their vehicles in their home State, we do not believe that Nebraska may require such personnel to pay the registration fees imposed under Chapter 60, article 3. As the Court noted in Buzard, every state requires "that motor vehicles using its highways be registered and bear license plates." 382 U.S. at 391. The Court indicated that the proviso in § 574(b) was intended "[t]o assure that servicemen comply with the registration and licensing laws of some State, whether of their home State or the host State, . . .," and that Congress recognized "that, in one form or another, all States have laws governing the registering and licensing of motor vehicles, and that such laws impose certain taxes as conditions thereof." Id. at 392.The proviso thus was designed to assure that the SSCRA "would not have the effect of permitting servicemen to escape the obligation of registering and licensing their motor vehicles." Id. The Court noted that "a serviceman who has not registered his car and obtained license plates under the laws `of' his home State, whatever the reason, may be required by the host State to register and license the car under its laws." Id.
The decision in Buzard establishes that, based on the definition of "taxation" in § 574(b), a military member who has registered his or her vehicle in their home State and has paid a registration or licensing fee is not required to register his or her vehicle in the host State, nor to pay any registration or licensing fees to the host State. Indeed, this conclusion is reinforced by the Court's discussion of the language of § 574(b) in Sullivan v. United States, 395 U.S. 169 (1969). While holding that the Act did not prohibit the imposition of sales and use taxes on tangible personal property purchased or used by nonresident servicemen, the Court stated "that the only taxes on the use of property from which servicemen are exempted are the special registration taxes imposed annually by all States on the use of motor vehicles." Id. at 181. The Court noted:
 [This subsection] does not say that for purposes of [the Act] "taxation" includes "licenses, fees, or excises" on the use of all personal property except those in respect to motor vehicles for which such fees have not been paid at home. Rather, it says that "taxation" includes such levies only on motor vehicles when they have been paid at home.
Id.
The Court then addressed it's decision in Buzard, stating:
 The Court in Buzard held that [the Act] exempted servicemen from the California tax on automobiles, not because it was an excise tax on use covered by subsection (2)(b), but rather because it was not such a tax. The so-called `license fee' there in question was an annual tax in the amount of 2% of the assessed market value of the car — a levy which was indistinguishable from the annually recurring ad valorem taxes that [the Act] was designed to cover.
 It is thus evident that in subsection (2)(b) Congress was dealing solely with a unique form of state `tax' — the motor vehicle registration fee. Because such fees are not always clearly classifiable as property taxes, servicemen would not be exempted from many of them by subsection 1 of [the Act]. Since annually recurring license fees raise much the same risk of double taxation to transitory military personnel as do property taxes, Congress evidently decided . . . to extend the exemption . . . to include motor vehicle registration fees as well as property taxes.
395 U.S. at 182 (emphasis added) (footnotes omitted).
Based on the foregoing, we conclude that nonresident servicemen stationed in Nebraska who register and license their motor vehicles in their state of residence cannot be required to register and license their vehicles under Chapter 60, article 3, as any attempt by Nebraska to exact such registration and license fees is precluded by the SSCRA. Indeed, Nebraska's motor vehicle registration statutes contain provisions permitting nonresident owners to operate vehicles properly registered in other jurisdictions. See Neb. Rev. Stat. §§ 60-305.01 and 60-328
(1998).[1] These statutes do not necessarily require that nonresident servicemen register their vehicles in Nebraska, if they are registered and licensed in their home State. Further, the statutes cannot, consistent with the SSCRA, be construed to do so or these provisions would be unconstitutional under the Supremacy Clause of the United States Constitution. We therefore conclude that nonresident military personnel on active duty in Nebraska cannot be required to register and license their vehicles in Nebraska and pay the fees required in Chapter 60, article 3, if they have paid a fee to their home State to register and license their vehicles in that State.[2]
Nebraska Sales and Use Tax Imposed Pursuant to Neb. Rev. Stat. §77-2703 (Cum. Supp. 1998)
Nebraska imposes a sales tax "upon the gross receipts from all sales of tangible personal property sold at retail in this state, . . . ." Neb. Rev. Stat. § 77-2703(1) (Cum.Supp. 1998). A corresponding "use tax" is "imposed on the storage, use, or other consumption in this state of property purchased, leased, or rented from any retailer . . . for storage, use, or consumption in this state" at the same rate imposed on the sales, lease, or rental price of the property. Neb. Rev. Stat. § 77-2703(2) (Cum. Supp. 1998).
In Sullivan v. United States, 395 U.S. 169 (1969), the Supreme Court upheld the power of the State of Connecticut to impose sales and use taxes on transactions involving the purchase or use of tangible personal property in the state by naval personnel stationed in Connecticut but domiciled elsewhere. Among the transactions Connecticut sought to tax were purchases of motorboats and automobiles. The Court found that "Congress intended the Act to cover only annually recurring taxes on property . . . [as opposed to taxes] which, like the sales and use tax, [do] not apply annually on all personal property within the State but [are] imposed only once and then only when there has been a retail sales transaction." Id. at 176-77.
Based on the decision in Sullivan v. United States, it is clear that military personnel assigned to duty in Nebraska are not freed from the burden of paying sales and use taxes to the State on tangible personal property purchased or used in Nebraska. And, more specifically, Nebraska is not precluded from imposing sales or use taxes on motor vehicles purchased or used by nonresident servicemen stationed in the State. While the State is not prevented from doing so by the SSCRA, we conclude that the Nebraska Legislature, by virtue of the manner in which it has chosen to impose the sales and use tax on motor vehicles, has elected not to require that sales or use tax be paid by nonresident servicemen purchasing motor vehicles and registering those vehicles in their home States.
Neb. Rev. Stat. § 77-2703(1)(i) (Cum. Supp. 1998) provides that, with respect to the tax on sales of motor vehicles, "the tax shall be collected by the county treasurer . . . at the time the purchaser makes application for registration of the motor vehicle. . . ." Neb. Rev.Stat. § 77-2703(2)(g)(ii) (Cum. Supp. 1998), provides that use tax is not applicable to motor vehicles purchased in another state which are "licensed for operation on the highways of the other state. . . ." As sales or use tax is not required to be paid until the time a motor vehicle is registered and licensed in Nebraska, the obligation to pay such taxes does not arise with respect to nonresident servicemen that purchase motor vehicles which are registered and licensed in their home States.
III. CONCLUSION
In conclusion, it is our opinion that military personnel stationed on active duty in Nebraska are not required to pay the motor vehicle fee and tax imposed under Neb. Rev. Stat. §§ 60-3001
to 60-3009 (1998). Military personnel on active duty in Nebraska are also not required to pay the motor vehicle registration taxes and fees imposed under Neb. Rev. Stat. §§ 60-301 to 60-348 (1998) if the military member has registered and licensed their motor vehicle in their home state. In addition, a military member who purchases a motor vehicle in Nebraska or elsewhere is not required to pay Nebraska sales or use tax if the vehicle is registered and licensed in the member's home State.
Very truly yours,
 DON STENBERG Attorney General
 L. Jay Bartel Assistant Attorney General
[1] Section 60-305.01 (1998) provides:
 (1) A nonresident owner, except as provided in subsection (2) of this section, owning any foreign vehicle which has been properly registered in the state, country, or other place of which the owner is a resident, and which at all times, when operated in this state, has displayed upon it the number plate or plates issued for such vehicle in the place of residence of such owner, may operate or permit the operation of such vehicle within the state without registering such vehicle or paying any fees to this state.
 (2) Any nonresident owner gainfully employed or present in the State of Nebraska, operating a passenger car in this state, shall register such car in the same manner as a Nebraska resident, after thirty days of continuous employment or presence in this state, unless the state of his or her legal residence grants immunity from such requirements to residents of this state operating a passenger car in that state. Any nonresident owner whose passenger car is operated in this state for thirty or more continuous days shall register such car in the same manner as a Nebraska resident unless the state of his or her legal residence grants immunity from such requirements to residents of this state operating a passenger car in that state.
In addition, Neb. Rev. Stat. § 60-328 (1998) provides, in part:
 The provisions of sections 60-301 to 60-326.01 relative to registration and display of registration numbers shall not apply to a motor vehicle owned by a nonresident of this state, . . ., if the owner thereof has complied with the provisions of the law of the foreign country, state, territory, or federal district of his or her residence relative to registration of motor vehicles and the display of registration numbers thereon and conspicuously displays his or her registration numbers as required thereby.
 The provisions of this section shall be operative as to motor vehicles owned by a nonresident of this state only to the extent that, under the laws of the foreign country, state, territory, or federal district of his of her residence, like exemptions and privileges are guaranteed to motor vehicles duly registered under the laws of and owned by residents of this state. . . .
[2] The sole question presented by your request is whether nonresident servicemen stationed in Nebraska that have paid motor vehicle registration and licensing fees to their home States may be required to pay Nebraska's registration and licensing fees. As noted above, all fifty States require a registration or licensing fee at the time a motor vehicle is registered. Thus, it appears that a nonresident serviceman will always be required to pay a registration or license fee if his vehicle is registered in another state. In this situation, we conclude that Nebraska may not seek to require military personnel to register and license their vehicles in Nebraska. It should be noted that, inCalifornia v. Buzard, the officer had not registered or licensed the vehicle in his home State, and had thus paid no fee to the home State. Thus, in Buzard, since no licensing or registration fee had been paid to the home State, it was necessary to determine whether the fee sought to be imposed by the host State was a permissible "fee, license, or excise" essential to the functioning of the host State's licensing and registration laws, or whether the fee was a tax designed to serve primarily a revenue raising purpose, which the host State could not impose. As the fee in Buzard was found to be a revenue raising fee, the Court concluded the host State could not require the officer to pay the fee, regardless of whether a similar fee was paid to the home State. It is thus not necessary for us to address whether the registration fees imposed under Chapter 60, article 3, would constitute a permissible "fee, license, or excise" essential to the functioning of Nebraska's licensing and registration laws which Nebraska could exact if no similar fee were paid to the serviceman's home State, or an impermissible tax which serves primarily a revenue purpose, as there appears to be no circumstance under which nonresident servicemen may register and license their motor vehicles in their home States without payment of a registration or licensing fee to the home State.